UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GLORIA J. ANDREWS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:02-CV-685 |
| | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM AND ORDER**

This civil action under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.*, is before the Court on defendant's Second Motion for Partial Summary Judgment [Doc. 35]. The defendant contends that summary judgment is appropriate as to plaintiff's claim that she was discriminated against based on cleaning assignments. Specifically, defendant contends that plaintiff cannot show that she suffered an adverse employment action which is a necessary element of a prima face case of disparate treatment. *See Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002).

In response [Doc. 37], the plaintiff concedes that she is not pursuing a disparate treatment claim, but is asserting a claim for hostile work environment. Plaintiff also notes that proof of an adverse employment action is not required for a claim of hostile work environment. *See Carr v. United Parcel Serv.*, 955 S.W.2d 832, 837 (Tenn. 1997); *Parker v. Warren County Utility Dist.*, 2 S.W.3d 170, 176 (Tenn. 1999).

In reply, defendant argues that in light of plaintiff's agreement that she is not pursuing a claim for disparate treatment, defendant is entitled to an order dismissing any claim for disparate treatment with respect to cleaning assignments. [Doc. 38.]

Defendant is correct that proof of an adverse employment action is a required element of a prima facie case of disparate treatment. *Clayton*, 281 F.3d at 610. In light of plaintiff's agreement that she is not pursuing a disparate treatment claim, the Court finds that there are no genuine issues of material fact and the defendant is entitled to summary judgment on the issue of disparate treatment with regard to the plaintiff's cleaning assignments. Fed. R. Civ. P. 56.

However, the Court recognizes that the evidence the plaintiff will likely use in support of her hostile work environment claim with respect to cleaning assignments would be the same evidence if plaintiff were asserting a disparate treatment claim regarding cleaning assignments. The plaintiff will not be precluded from presenting this evidence. Therefore, the defendant's second motion for partial summary judgment [Doc. 35] on the issue of disparate treatment with regard to cleaning assignments is hereby **GRANTED**.

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE